

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00732-CR

Eric Nathaniel **REEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR11077
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Luz Elena D. Chapa, Justice
                 Beth Watkins, Justice

Delivered and Filed: January 13, 2021

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

The State charged Eric Nathaniel Reel with arson of a building, a second degree felony,

and charged Reel as being a repeat offender, seeking to enhance the penalty to that for a first degree

felony. *See* TEX. PENAL CODE §§ 28.02(a), (d); 12.42(b). In addition, the State gave written notice

it intended to seek a deadly weapon finding.

Reel entered an open plea of no contest to the arson charge and a plea of true to the

enhancement allegation. After considering evidence proffered in support of the plea, including

Reel's judicial confession, the trial court found Reel guilty and set the matter for a sentencing

hearing. At the sentencing hearing, the court heard further evidence, and Reel confirmed he had previously been convicted of aggravated robbery with a deadly weapon. The trial court found the enhancement allegation true, sentenced Reel to thirty years in prison, and granted the State's request for an affirmative deadly-weapon finding.

Reel's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concluded this appeal is frivolous and without merit. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Reel and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). Reel was provided access to the appellate record and advised of the deadline to file a pro se brief.

Reel filed a *pro se* brief in which he contends, among other things, that he was deprived of due course of law, denied access to the courts and to counsel of his choosing, and received ineffective assistance of counsel. In addition, he contends the indictment was flawed and that his assets were seized by jail authorities without due process. We have thoroughly reviewed the record, counsel's brief, and Reel's brief. The issues Reel raised in his *pro se* brief have no arguable basis, were not preserved, or are not shown by the record. *See* TEX. R. APP. P. 33.1(a) (preservation required); *Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (explaining that direct appeal is usually an inadequate vehicle for raising ineffective assistance of counsel claims because the record is insufficiently developed). We find no arguable grounds for appeal and conclude the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

However, our review discloses several remediable errors in the written judgment: the judgment incorrectly recites the offense of which Reel was convicted was a first degree felony instead of a second degree felony[1], and the judgment incorrectly recites Reel had a plea bargain with the State. Because the written judgment does not accurately reflect the proceedings in the trial court, we modify the judgment to change the "Degree of Offense:" from "1ST" to "2ND" and to change the "Terms of Plea Bargain" from "CAP OF THIRTY (30) YEARS TDCJ-ID" to "NONE." *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court is authorized to reform judgment to "make the record speak the truth").

We grant the motion to withdraw filed by Reel's counsel, modify the trial court's judgment, and affirm the judgment as modified.[2]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[1] Reel was charged with and judicially confessed to second degree arson of a building. *See* TEX. PENAL CODE § 28.02(a)(2), (d). Arson of a building is a first degree felony only if it is shown that bodily injury or death was suffered by reason of the commission of the offense or the property intended to be damaged or destroyed was a habitation or a place of assembly or worship, none of which was charged, shown, or judicially confessed. *See id.* § 28.02(d).

[2] No substitute counsel will be appointed. Should Reel wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.